

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2009

# Xue Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4185

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Xue Chen v. Atty Gen USA" (2009). *2009 Decisions.* Paper 403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4185
_____

XUE ZHI CHEN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-811-549)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2009
Before:  FUENTES, WEIS and GARTH, Circuit Judges

(Opinion filed:  October 21, 2009)
_____

OPINION
_____

PER CURIAM.

Xue Zhi Chen petitions for review of an order of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Chen, a native of China, entered the United States in December 2003.  He

1

was subsequently charged as removable as an arriving alien without entry documents. He concable removabilty and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he had been and would be persecuted in China on the basis of his religion. The IJ found Chen not credible and denied relief. The BIA agreed and dismissed the appeal. It noted inconsistencies between Chen's sworn statement in 2003, his credible fear interview in 2005, and his testimony at his hearing in 2007, and upheld the IJ's adverse credibility determination. Chen filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We must uphold the adverse credibility finding unless any reasonable adjudicator would be compelled to conclude to the contrary.[1] Fiadjoe v. Attorney General, 411 F. 3d 135, 153 (3d Cir. 2005). Chen argues that the IJ should not have based the adverse credibility finding on his conclusion that Chen did not know much about the Mormon faith or on his rejection of Chen's documents. However, because the BIA did not adopt the opinion of the IJ and rendered its own decision, we review the decision of the BIA and not that of the IJ. Sioe Tjen Wong v. Attorney General, 539 F.3d 225, 230 (3d Cir. 2008). In upholding the adverse credibility finding, the BIA relied on the inconsistencies among Chen's reasons for

---

[1] Because the BIA concluded that it would uphold the IJ's adverse credibility determination even under the prior standard, we need not decide whether 8 U.S.C. § 1158(b)(1)(B)(iii) is consistent with due process. See Wang v. Holder, 569 F. 3d 531, 538 (5th Cir. 2009) (canvassing Circuit law on the provision).

2

coming to the United States.

In his sworn statement, Chen indicated that he had no fear of being returned to China and that he came to the United States to work. C.A.R. at 139-140. In his credible fear interview, Chen stated that he was persecuted in China as a member of the Buddhist organization Ai Xing. C.A.R. at 133. At his hearing, he testified that he was persecuted as a Baptist in China and had been attending a Mormon church in the United States. C.A.R. at 69, 84. Chen does not dispute the inconsistencies noted by the BIA and admits that he was untruthful. We conclude that a reasonable adjudicator would not be compelled to find Chen credible.[2]

For the above reasons, we will deny the petition for review.

---

[2] Even if we reviewed and rejected the IJ's concerns about Chen's understanding of his religion, the record would not compel a finding that Chen was credible.